Compln

FILED
COURT

2012 SEP 10 PM 3: 49

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

PACIFIC PRESBYTERIAN CHURCH,          )          CIVIL CASE NO. CV1341-08
                                      )
                    Plaintiff,        )
                                      )          **DECISION AND ORDER**
                                      )
          v.                          )
                                      )
HYE SIL NAM and MYOUNG HEE BAN,       )
                                      )
                    Defendant.        )
                                      )

## INTRODUCTION

This matter originally came before the Honorable Arthur R. Barcinas on the 10th day of December, 2008, for hearing on the Defendants' Motion to Dismiss, and in the alternative, Defendants' Motion to Consolidate. Attorney Phillip J. Torres represented the Plaintiffs, and Attorney Mark Smith represented the Defendants. At this hearing, it was unclear whether these matters were taken under advisement, as both attorneys seemed to agree that the motions should await the outcome of another case, Civil Case No. CV0170-07, alleging forcible detainer, which was pending before Judge Steven S. Unpingco. That case was closed on May 8, 2009. The Court now issues the following Decision and Order on the matters presented.

## DISCUSSION

The Court starts this discussion noting that although there are multiple cases involving the entity of the Pacific Presbyterian Church (hereinafter "PPC"), Immanuel Choi, David H. Jo,

and Yo H. Oh and his wife, Hye Sil Nam, including Civil Action Nos. CV1110-09, CV0516-09, CV1341-08, and CV0170-07, none of the cases involving these parties, respectively, have ever been consolidated. No consolidation has been granted, and thus, despite the parties' "initiative" in submitting documents with consolidated case captions, which are purportedly operative in multiple cases, many of these documents are ineffective in all cases as labeled.

### 1) No Standing to Maintain Claim of Unlawful Detainer

Plaintiff PPC's complaint in this case is labeled "Complaint for Unlawful Detainer or in the Alternative Forcible Detainer," and supposedly asserts one claim of unlawful detainer against Defendant Nam and Ban, respectively. "[B]ecause an unlawful detainer action is a summary remedy, the unlawful detainer statute must be complied with strictly." Archbishop of Guam, et al v. G.F.G. Corporation, 1997 Guam 12 ¶ 10 (citing Cal-American Income Property Fund IV v. Ho, 161 Cal. App. 3d 583, 585 (Cal. Ct. App. 1984); and 21 GCA § 21120).

The unlawful detainer statute states in relevant parts:

A *tenant* of real property, for a term less than life, is guilty of unlawful detainer: (a) When he continues in possession, in person or by subtenant, of the property, or any part thereof, after the expiration of the term for which it is let to him, without the permission of his *landlord*, . . . (b) When he continues in possession, in person or by subtenant, without the permission of his *landlord*, or the successor in estate of his landlord, if any there be, after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and five (5) days' notice in writing, requiring its payment, stating the amount which is due, or possession of the property, shall have been served upon him, . . . (c) When he continues in possession, in person or by subtenant, after a neglect or failure to perform other conditions or covenants of the *lease or agreement* under which the property is held, including any covenant not to assign or sublet than the one for the payment of rent, and three (3) days' notice, in writing, requiring the performance of such conditions or covenants, or the possession of the property, shall have been served upon him, . . . .

21 GCA § 21103 (2012)(emphases added).

Interpreting this statute, the Supreme Court of Guam has found, "[t]o maintain a valid unlawful detainer action under Guam law, the landlord must establish that the tenant has defaulted in the payment of rent, is in possession of the property without the landlord's permission, and that the tenant has been served with a valid notice demanding payment or surrender of possession." Id. at ¶ 11 (citing 21 GCA § 21103).

Standing, a doctrine of justiciability, and a necessary component of subject matter jurisdiction, is a threshold matter that may be considered by the court at any time during its consideration of a case, and may be raised by the court *sua sponte*. Freytag v. C.I.R., 501 U.S. 868, 896 (1991)(Scalia, J., concurring). It is fundamental that a party bringing an action in a court have standing to sue. Taitano v. Lujan, 2005 Guam 26 ¶ 15.

In general, to have standing to litigate, a party must show that he has incurred, or is in immediate danger of incurring, some direct and personal injury resulting from the violation of a constitutional or statutory right designed to protect that party. Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166–67 (1972); and Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 105 (1998).

In this case, the Plaintiff has failed to comply with the first and most basic requirement of standing pursuant to the unlawful detainer statute, 21 GCA § 21103. The Plaintiff has failed to show or even allege that it is a "landlord" or leaseholder. The unlawful detainer statute specifically grants a cause of action only to a landlord or holder of a lease agreement to maintain proceedings against a tenant. It only creates jurisdiction in the Superior Court of Guam for an action by a landlord against a tenant.

Plaintiff's complaint is utterly devoid of any allegations which meet the requirements of the unlawful detainer statute. It neither alleges that the Plaintiff is a landlord or leaseholder, nor

that the Defendants are tenants subject to a lease agreement, nor that the Defendants have breached any such agreement. Taking all of the Plaintiff's allegations as true, this Court has no subject matter jurisdiction over an unlawful detainer claim due to the Plaintiff's failure to demonstrate its standing to maintain such a cause of action. Strict compliance with 21 GCA § 21103 is required, and therefore, the Court may dismiss the action where a Plaintiff has failed to comply with the statute's provisions. Archbishop of Guam, 1997 Guam 12 ¶ 10.

As stated by the Supreme Court of Guam, "this court will not read causes of action into a complaint when they are not present." Taitano v. Calvo Finance Corp., 2008 Guam 12 ¶ 11 (citing Krouse v. Am. Sterilizer Co., 126 F.3d 494, 499 n. 1 (3d Cir. 1997)). The Plaintiff has clearly failed to allege any of the elements of a cause of action of unlawful detainer, including a complete lack of any allegation that it is a party who has standing to pursue a cause of action for unlawful detainer against anyone. The Court therefore finds that it has no subject matter jurisdiction over a cause of action for unlawful detainer in this case.

Although the Court will not search for a cause of action for the Plaintiff, the Plaintiff has labeled its complaint as including an alternative cause of action for "forcible detainer."

Forcible detainer is codified in 21 GCA §§ 21101, 21102, and 21104. "A person is guilty of forcible detainer if he '[b]y force, or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise.'" Bank of Hawaii v. Chan, 2003 Guam 7 ¶ 8 (quoting 21 GCA § 21102(a) (1994)). "Like unlawful detainer, forcible detainer is also a summary remedy, and the statute must be strictly construed." Id. (citing to Archbishop, 1997 Guam 12 ¶ 10).

"Section 21104 requires a showing of force, menace, or threats of violence for a person to be guilty of forcible detainer. . . .The mere failure to vacate property is insufficient to sustain

a judgment for forcible detainer." Id. at ¶ 12. Accordingly, in Bank of Hawaii v. Chan, the Supreme Court of Guam found that it was error the trial court to allow the Bank of Hawaii to amend its original complaint "from unlawful detainer to forcible detainer" to allow the bank to pursue a cause of action for forcible detainer on the mere allegation that the defendant had "remain[ed] on the property." Id. at ¶¶ 11–12.

The current complaint is utterly devoid of any allegations of force, threats of force, menace, or "conduct tending to create such force," as required under 21 GCA § 21104. As in the Chan case, "[t]he only contact whatsoever between the [Plaintiff] and the [Defendants] was the [Plaintiff]'s notice to vacate. Id. at ¶ 10. The Plaintiff alleges that the Defendants "did nothing but remain on the property." Id. In accordance with the holding of Bank of Hawaii v. Chan, the Court cannot read a cause of action for forcible detainer into the complaint. Because the Plaintiffs have no standing to pursue a claim of unlawful detainer, and no cause of action for forcible detainer is actually stated, there is no currently no cause of action pending before the Court, and the Court dismisses for lack of subject matter jurisdiction.

## 2) Res Judicata Effect of CV0170-07

Even if the Court were somehow to decipher a cause of action for the Plaintiff based on the bare allegations that Defendants Nam and Ban are (or were) staying on the premises of the Plaintiff without permission, the Court would be required to dismiss the case, as these allegations have already been addressed on the merits in Civil Action No. CV0170-07; thus precluding further litigation in this case.

The Supreme Court of Guam has discouraged use of the general term *res judicata*, stating:

> 'Res Judicata' can refer generally to both 'claim preclusion' and 'issue preclusion.' However, the United States Supreme Court has sometimes used the

term 'res judicata' in a narrower sense to refer only to 'claim preclusion.' Thus, '[i]n order to avoid confusion resulting from the two uses of "res judicata," we will use the terms 'claim preclusion' and 'issue preclusion' instead.' This approach has also been adopted by the Ninth Circuit.

Zahnen v. Limtiaco, 2008 Guam 5 ¶ 10, n. 4 (internal citations omitted).

Accordingly, this Court will distinguish between "issue preclusion" and "claim preclusion" as explained by the Supreme Court of Guam.

"Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." Reyes v. FirstNet Ins. Co., 2009 Guam 17 ¶ 20 (quoting Taybron v. Allstate Ins. Co., No. C 06-04066 JSW, 2006 WL 2460830, at *1 (N.D.Cal. Aug. 23, 2006)). "To successfully invoke claim preclusion . . . one must show that the following elements are present: '(1) a final judgment on the merits in an earlier suit, (2) an identity of causes of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits.'" Zahnen, 2008 Guam 5 at ¶ 10.

The doctrine of issue preclusion, or collateral estoppel, also embodied within the term "res judicata," applies "when an identical issue is raised in a later proceeding concerning a different claim or cause of action." Zahnen v. Limtiaco, 2008 Guam 5 ¶ 10, n.5 (citing to Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d 530, 535–38 (5th Cir. 1978)(discussing the terminology surrounding the preclusive effects of prior litigation)). As explained by the Kaspar court, cited by the Supreme Court of Guam;

> The second doctrine, collateral estoppel or "issue preclusion," recognizes that suits addressed to particular claims may present issues relevant to suits on other claims. In order to effectuate the public policy in favor of minimizing redundant litigation, issue preclusion bars the relitigation of issues actually adjudicated, and essential to judgment, in a prior litigation between the same parties.

Kaspar, 575 F.2d at 535–36 (citing Harris v. Washington, 404 U.S. 55 (1971)).

"Under the doctrine of collateral estoppel, . . . the second action is upon a different cause of action and the judgment in the prior suit precludes re-litigation of issues actually litigated and necessary to the outcome of the first action." Trans Pacific Export Co. v. Oka Towers Corp., 2000 Guam 3 ¶ 13 (citing Parklane Hosiery Co. v. Shore, 429 U.S. 322, 327, n.5 (1979)). "Issue preclusion bars a plaintiff from relitigating issues actually adjudicated in a prior proceeding." Reyes v. FirstNet Ins. Co., 2009 Guam 17 ¶ 20 (quoting Taybron v. Allstate Ins. Co., No. C 06-04066 JSW, 2006 WL 2460830, at *1 (N.D.Cal. Aug. 23, 2006)). This applies to any actually litigated factual issue, and includes decisions on the merits of any issue: "'issue preclusion' is in substance that any fact, question or matter in issue and directly adjudicated or necessarily involved in determination of action before court of competent jurisdiction in which judgment or decree is rendered on merits, is conclusively settled . . . ." BLACK'S LAW DICTIONARY, 6th ed., 832 (1991).

For the purposes of both claim preclusion and issue preclusion, when two actions are pending based on the same claim or involving the same issue, it is the determination first rendered in one of the actions which becomes conclusive in the other action, regardless of which action was first filed. Giragosian v. Ryan, 547 F.3d 59, 63–64 (1st Cir. 2008) (quoting Restatement (Second) of Judgments § 14); see also Blair v. Equifax Check Servs., Inc., 181 F.3d 832, 838 (7th Cir. 1999); and Hogue v. Royse City, 939 F.2d 1249, 1255 (5th Cir. 1991). share an identity of origin and parties. This presents no issue in this case, as Civil Case No. CV0170-07 was filed first, and a determination and conclusive order was also issued first in that case, on May 11, 2009.

The Court first addresses whether the causes of action and parties in CV0170-07 and CV1341-08 share an identity of origin and parties.

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" Reyes v. FirstNet Ins. Co., 2009 Guam 17 ¶ 26 (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (quoting Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000)).

The only cause of action in CV0170-07 is a claim of forcible detainer by Plaintiff PPC against Defendant Reverend Yo H. Oh. The only cause of action in CV1341-08 is the claim of unlawful detainer, or in the alternative, forcible detainer against Hye Sil Nam and Myoung Hee Ban. A review of the factual allegations asserted in each of the complaints of CV0170-07 and CV1341-08 reveals that Hye Sil Nam, the Defendant in CV1341-08, is the wife of Reverend Oh, the Defendant in CV0170-07, and the causes of action asserted in both cases pertain to the presence and residence of Reverend Oh, his wife, their minor children, and Reverend Oh's assistant pastor, Myoung Hee Ban, on the physical grounds of the PPC, beginning on the date of January 16, 2007. Jo and Pacific Presbytery v. Oh, Civil Case No. CV0170-07, Compl. for Forcible Detainer, p. 2, ¶¶ 6–7 (filed February 9, 2007); and Pacific Presbyterian Church v. Ban et al, Civil Case No. CV1341-08, Compl. for Unlawful Detainer or in the Alternative Forcible Detainer, p. 2, ¶¶ 7–8 (filed November 12, 2008). More importantly, the remedy sought is identical in both cases: the "immediate ejectment" of Reverend Yo Han Oh, "Yo Han Oh's wife, children, and Lay Assistant Pastor Myoung Hee Ban" from the premises of the Pacific Presbyterian Church. CV0170-07, Compl. for Forcible Detainer, pp. 2–3, ¶ 12 (filed February 9, 2007); and CV1341-08, Compl. for Unlawful Detainer or in the Alternative Forcible Detainer, p. 3, ¶¶ 12–14 (filed November 12, 2008).

Claim preclusion applies of the causes of action are identical; issue preclusion applies if there are differing claims, but identical factual issues underlying those causes of action. In CV0170-07, the Court issued an Order on May 11, 2009, incorporating a stipulation made by the PPC and "both Reverend Yo Han Oh and his wife, [and] Hye Sil Nam" that these defendants, as listed in both CV0170-07 and CV1341-08 "no longer resided on property owned by the PPC as of September 2008 and November 17, 2008, respectively." CV0170-07, Order, p. 1, lines 20–23 (filed May 11, 2009). In this case, the Court finds that the parties covered by the order are identical between the two cases of CV0170-07 and CV1341-08. Further, the Court finds that even if the causes of action are stated differently between the two cases, that the factual issues underlying the claims and the remedies sought are identical.

Accordingly, even if the Court did not dismiss the case for the Plaintiff PPC's lack of standing to pursue a claim of unlawful detainer, under the doctrine of issue preclusion, the Order issued on May 11, 2009, precludes any further litigation of the issue. Defendants Hye Sil Nam and Myoung Hee Ban no longer reside on the property of the PPC, as stipulated in CV0170-07. The complaint in CV1341-08 sought the immediate ejectment of these two parties from the premises of the PPC, and this has already been accomplished through the May 11, 2009 Order in CV0170-07. Thus, dismissal of CV1341-08 is appropriate on the basis that no further remedy can be granted.

As a final note, it would seem that a conflicting order was entered in CV0170-07 on October 16, 2009. This Order was prepared by counsel for a related party, Immanuel S. Choi, for the signature of the Court, with three case captions appended to it; CV1110-09, CV0170-07, and CV1341-08. The Court did not give counsel leave to merge these case captions into a conglomerate, nor have these cases ever been properly consolidated. Consequently, the Court

finds that counsel improperly drafted this order with three united case captions, and further, that this order is ineffective in both CV0170-07 and CV1341-08 based upon the improper and unapproved conglomeration prepared on counsel's own initiative.

## CONCLUSION

Based upon the foregoing, Civil Case No. CV1341-08 is DISMISSED, and the Order of October 16, 2009, which purports to be effective in CV0170-07 and CV1341-08 is STRICKEN.

**IT IS SO ORDERED** this _____SEP 10 2012_____ .

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I hereby certify that the foregoing
is a full, true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

SEP 10 2012

Valerie D. Memorio
Deputy Clerk, Superior Court of Guam